**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ABDULLAHI A. KABIROW<br>462 Dartmouth Ave<br>Buffalo, NY 14215 | : | No. 4:26-CV-3014 |
| FARDOSA OMAR<br>462 Dartmouth Ave<br>Buffalo, NY 14215 | : | |
| Plaintiffs<br>v. | : | CIVIL ACTION - LAW<br>JURY TRIAL DEMANDED |
| KEITH H. KLOSS<br>796 Prindle Street<br>Sharon, PA 16146 | : | |
| ESTES EXPRESS LINES<br>3901 W. Broad Street<br>Richmond, VA 23230 | : | |
| RALPHBY ANNULYSSE<br>2650 NW 64th Ave., Apt. 118<br>Sunrise, FL 33313 | : | |
| RYDER TRUCK RENTAL, INC.<br>801 North US Highway 1<br>North Palm Beach, FL 33408 | : | |
| RYDER SYSTEM, INC.<br>11690 NW 105th Street<br>Miami, FL 33178 | : | |
| RALPHY TRANSPORT, LLC<br>2919 NW 56th Avenue, Apt. F1<br>Lauderhill, FL 33313 | : | |

ZONE-OH, LLC :
3246 Noe Bixby Road :
Suite 109 :
Columbus, Ohio 43232 :
Defendants :

**COMPLAINT**

**NOW** come Plaintiffs Abdullahi A. Kabirow, and his wife, Fardosa Omar, by and through their undersigned counsel, Munley Law, P.C., and aver as follows:

**PARTIES**

1. Plaintiff Abdullahi A. Kabirow, ("Plaintiff"), is a competent adult individual residing at 462 Dartmouth Avenue, Buffalo, New York 14215.

2. Plaintiff Fardosa Omar is a competent adult individual residing at 462 Dartmouth Avenue, Buffalo, New York 14215.

3. During all relevant times, Plaintiff Abdullahi A. Kabirow and Plaintiff Fardosa Omar were lawful husband and wife, and they resided together.

4. Defendant Keith H. Kloss, ("Defendant Kloss"), upon information and belief, is a competent adult individual residing at 796 Prindle Street, Sharon, Pennsylvania 16146.

5. Defendant Estes Express Lines ("Defendant Estes"), upon information and belief, is a corporation and/or other business entity, organizing and existing under the laws of the Commonwealth of Virginia that regularly conducts business in

Pennsylvania, with its principal place of business located at 3901 W. Broad Street, Richmond, Virginia 23230.

6. Upon information and belief, Defendant Estes is a large freight transportation company, and provides freight forwarding and logistics services, operating over 300 terminals across North America, including Pennsylvania.

7. Upon information and belief, Defendant Estes regularly and continuously conducts business in the Commonwealth of Pennsylvania including within the Middle District of Pennsylvania.

8. Upon information and belief, Defendant Estes has offices and/or terminals in the Commonwealth of Pennsylvania, including an office and/or freight shipping terminal, Terminal: Scranton-SCR (051), located at 777 S. Keyser Avenue, Scranton, Lackawanna County, Pennsylvania 18504.

9. Defendant Estes, upon information and belief, ships and/or transports freight and goods from Scranton, PA, to many locations throughout the United States.

10. Defendant Ralphby Annulysse, ("Defendant Annulysse"), upon information and belief, is a competent adult individual residing at 2650 NW 64th Avenue, Apt. 118, Sunrise, Florida 33313.

11. Defendant Ryder Truck Rental, Inc., upon information and belief, is a corporation and/or company and/or other business entity, incorporated, organized

and existing under the laws of the State of Florida with its principal place of business located at 2333 Ponce De Leon Boulevard, Suite 700, Coral Gables, Florida 33134 and an address for its registered agent at Corporate Creations Network, Inc, 801 North US Highway 1, North Palm Beach, Florida 33408.

12. Defendant Ryder System, Inc., upon information and belief, is a corporation and/or company and/or other business entity, incorporated, organized and existing under the laws of the State of Florida with its principal place of business located at 11690 NW 105th Street, Miami, Florida 33178.

13. Upon information and belief, Ryder Truck Rental, Inc. is a subsidiary of Ryder System, Inc.

14. Defendants Ryder Truck Rental, Inc. and Ryder System, Inc., will be referred to collectively as "Defendant Ryder."

15. Upon information and belief, Defendant Ryder is registered to do business within the Commonwealth of Pennsylvania and has a registered agent in Pennsylvania C/O Corporate Creations Network Inc., located at: 900 State Street, Suite 300, Erie, PA 16501.

16. Upon information and belief, Defendant Ryder has approximately 27 offices and/or truck rental locations in the Commonwealth of Pennsylvania.

17. Upon information and belief, Defendant Ryder has an office and/or truck rental location at 1027 Reeves Street, Scranton, Lackawanna County, Pennsylvania 18512, Ryder location #609.

18. Upon information and belief, Defendant Ryder regularly and continuously conducts business throughout Pennsylvania including within the Middle District of Pennsylvania.

19. Defendant Ralphy Transport, LLC, ("Defendant Ralphy Transport"), upon information and belief, is a limited liability company and/or corporation and/or other business entity, registered, organized and existing under the laws of the State of Florida with its principal place of business located at 2919 NW 56th Ave., Apt. F1, Lauderhill, FL 33313.

20. Defendant Annulysse, upon information and belief, is the Registered Agent with the Florida Secretary of State for Defendant Ralphy Transport.

21. Upon information and belief, Defendant Ralphy Transport regularly and continuously conducts business throughout Pennsylvania including within the Middle District of Pennsylvania.

22. Upon information and belief, Defendant Zone-Oh, LLC ("Defendant Zone-Oh") is a limited liability corporation and/or business entity organized and existing under the laws of the State of Ohio, that regularly conducts business

throughout Pennsylvania with a corporate office located at 3246 Noe Bixby Road, Suite 109, Columbus, Ohio 43232.

23. Upon information and belief, Defendant Zone-Oh regularly and continuously conducts business in the Commonwealth of Pennsylvania including within the Middle District of Pennsylvania.

24. Upon information and belief, at all relevant times, Defendant Kloss was acting as the agent, servant, workman, contractor and/or employee of Defendant Estes and he was acting within the course and scope of his agency and/or employment with Defendant Estes and for the benefit of Defendant Estes.

25. At all times pertinent hereto, Defendant Kloss was a driver hired, selected, trained, assigned, and dispatched by Defendant Estes to transport goods throughout the Commonwealth of Pennsylvania.

26. At all times material hereto, a relationship existed between and among Defendant Kloss and Defendant Estes, the details of which are currently unknown to the Plaintiffs but which relationship existed for the financial benefit of Defendant Kloss and Defendant Estes.

27. Upon information and belief, at all relevant times, Defendant Annulysse was acting as the agent, servant, workman, contractor and/or employee of Defendant Ryder, and/or Defendant Ralphy Transport, and/or Defendant Zone-Oh and he was acting within the course and scope of his agency and/or employment

with Defendant Ryder, and/or Defendant Ralphy Transport, and/or Defendant Zone-Oh and for the benefit of Defendant Ryder, and/or Defendant Ralphy Transport, and/or Defendant Zone-Oh.

28. At all times pertinent hereto, Defendant Annulysse was a driver hired, selected, trained, assigned, and dispatched by Defendant Ryder, and/or Defendant Ralphy Transport, and/or Defendant Zone-Oh to transport goods throughout the Commonwealth of Pennsylvania.

29. At all times material hereto, a relationship existed between and among Defendant Annulysse and Defendant Ryder, and/or Defendant Ralphy Transport, and/or Defendant Zone-Oh, the details of which are currently unknown to the Plaintiffs but which relationship existed for the financial benefit of Defendant Annulysse, Defendant Ryder, Defendant Ralphy Transport, and Defendant Zone-Oh

## JURISDICTION

30. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, because the amount in controversy as to the Plaintiffs exceeds $75,000.00, exclusive of interest and costs, and because complete diversity of citizenship exists between the Plaintiffs and the Defendants.

## VENUE

31. Venue is proper in the Middle District of Pennsylvania since Defendant Estes, and Defendant Ryder, as business entities capable of being sued in their

names, are deemed to reside in this judicial district because such Defendants are subject to this Court's personal jurisdiction pursuant to 28 U.S.C. §1391(c)(2).

32. Venue may lay in any judicial district in which Defendant Estes, and Defendant Ryder, reside, that is where they are subject to personal jurisdiction, and since this Court has personal jurisdiction over these Defendants, the Middle District of Pennsylvania is a proper venue.

33. Defendant Estes and Defendant Ryder have authorized agents and offices in the Middle District, they have a physical presence in this District, and they receive financial benefits from the business activities conducted by their agents in this District.

34. Defendant Estes and Defendant Ryder purposefully direct their business activities at the forum, this litigation arises out of and/or relates to Defendants' trucking services and activities conducted in Pennsylvania, and the exercise of jurisdiction over these Defendants otherwise comports with fair play and substantial justice.

35. Because Defendant Estes and Defendant Ryder are subject to this Court's personal jurisdiction, this District is also a proper venue pursuant to §1391(c)(2).

## FACTS

36. At all times pertinent hereto, Defendant Kloss was the operator of a large 2015 yellow International Harvester tractor, Indiana Plate No. 3588259, and Great Dane double trailers, with Tennessee Plate No. U578141, that were all owned by Defendant Estes, and he drove the tractor trailer with the consent and authorization of Defendant Estes.

37. At all times pertinent hereto, Defendant Annulysse was the operator of a large 2023 white Freightliner Cascadia tractor trailer, Indiana Plate No. 3662713, that was owned by Defendant Ryder and/or Defendant Zone-Oh, and he drove the tractor trailer with the consent and authorization of Defendant Ryder, and/or Defendant Zone-Oh.

38. At all times pertinent hereto, Plaintiff was the operator of a large 2023 white Freightliner Cascadia tractor, Tennessee Plate No. P8358HY, that was owned by New Horizons Leasing, Inc. and a Great Dane trailer, Tennessee Tag No. U811312, that was owned by Western Express, Inc., and he drove the tractor trailer with the consent and authorization of said companies.

39. On or about Thursday December 12, 2024, at approximately 8:14 A.M., Plaintiff was operating the aforementioned tractor trailer traveling Westbound on Interstate 80 ("I-80"), in the left hand lane near mile marker 127.6, Graham Township, Clearfield County, Pennsylvania.

40. At that time it was snowing.

41. At the same time and place, Defendant Kloss was driving the aforementioned tractor and double trailers owned by Defendant Estes in the same direction in the right-hand lane in front of the Plaintiff.

42. Defendant Kloss operated his vehicle in such a negligent, careless, and reckless manner that he rear ended a 2009 Ford EC3 white van driven by Lyle Molyneux that was directly in front of him.

43. After Defendant Kloss collided with the vehicle in front of him, Defendant Kloss' trailers then blocked both of the two lanes of I-80 West causing Plaintiff's trailer to side swipe Defendant Kloss' vehicle.

44. When Plaintiff's trailer side swiped Defendant Kloss' rear trailer that was blocking both lanes of the roadway, Plaintiff's tractor trailer then slid and veered off of the South (left) side of I-80 West and he struck an embankment off of the left side of the highway.

45. Plaintiff's tractor trailer came to a final rest jack-knifed against the embankment along the left side of the highway facing South.

46. After the crash, several vehicles were parked along the right shoulder of I-80 West.

47. Due to the vehicle on the right shoulder of the roadway, a PennDOT employee was sitting in a PennDOT truck stationary along the right shoulder with a

left directional arrow activated directing West bound traffic to move over from the right lane of travel into the left lane of travel.

48. At the same time and place, Defendant Annulysse, was traveling on I-80 West in the right lane near mile marker 127.6 when he operated his vehicle in such a negligent, careless, and reckless manner that he lost control of the tractor trailer when trying to change lanes.

49. When Defendant Annulysse lost control of his vehicle, he veered from the right lane of travel into the left lane of travel and then off the left side of the highway where he violently and forcefully struck Plaintiff's tractor directly in the driver's door.

50. Defendant Annulysse's tractor trailer then came to an immediate uncontrolled rest at the stated location.

51. At that time of the collision of Defendant Annulysse's tractor trailer into Plaintiff's tractor, Plaintiff was completely stopped off the left side of the highway with his tractor and trailer jack-knifed.

52. Regarding the first collision, Defendant Kloss operated Defendant Estes' tractor trailer in such a negligent, reckless, and careless manner that he collided with the vehicle that was in front of him, causing his tractor trailer to block both lanes of the highway which caused the Plaintiff who was traveling in the left

hand lane of I-80 West to side swipe Defendant Kloss's trailer, lose control of his tractor trailer and jack-knife off the highway.

53. Defendant Kloss operated Defendant Estes' tractor and double trailer in a negligent, reckless, and careless manner by driving too fast for conditions and by following the vehicle in front of him too closely, thereby causing him to crash the front of his tractor into the vehicle in front of him and then lose control of his tractor trailer and block both lanes of the highway.

54. Regarding the second collision, Defendant Annulysse operated Defendant Ryder's tractor trailer he was driving on behalf of Defendants Ryder and/or Ralphy Transport and/or Zone-Oh, in a negligent, reckless, and careless manner by driving too fast for conditions and by failing to safely move over into left lane of the highway, thereby causing him to lose control and then forcefully crash into the Plaintiff's jack-knifed tractor off the left side of the highway.

55. The violent second collision caused by Defendant Annulysse resulted in both his tractor trailer and Plaintiff's tractor trailer sustaining severe damage and both vehicles were disabled and had to be towed from the scene.

56. The force of the initial impact with Defendant Kloss's trailer, along with the additional impact with the embankment off the left side of the highway, violently jostled Plaintiff in his vehicle and left him in a precarious and vulnerable position jack-knifed against an embankment off of the left side of I-80 West.

57. The force of the second impact when Defendant Annulysse's out of control tractor trailer crashed into Plaintiff's tractor, violently jostled Plaintiff in his vehicle causing him serious injuries and caused his vehicle to sustain such extensive damage that it had to be towed away from the scene of the collision.

58. Defendant Kloss and Defendant Annulysse are joint tortfeasors and jointly and severally liable to Plaintiff for his injuries pursuant to 42 Pa.C.S. §8322.

59. As a direct and proximate result of the collisions, Plaintiff has suffered severe and permanent personal injuries including, but not limited to: left shoulder injury and pain; left shoulder clavicle fracture; left shoulder open surgery (ORIF) for clavicle fracture with implantation of hardware, including, Arthrex clavicle locking plate with associated cortical and locking screws; neck pain; numbness and tingling in the left upper extremity; loss of mobility and range of motion of left shoulder; pain and irritation from the surgical hardware on the left shoulder area; left clavicle hardware surgery removal; mid and low back pain; loss of consciousness, sleep disturbance; fatigue; and anxiety; as well as shock to his nerves and nervous system, all of which caused him, and will continue to cause him for an indefinite period of time in the future, great pain, agony and suffering, both physical and mental.

60. As a direct and proximate result of the collisions and injuries sustained, Plaintiff has been forced to undergo medical treatment, including hospitalization,

diagnostic tests, surgeries, medical procedures, physical therapy, and chiropractor treatments, and he will be obliged to expend additional sums of money for the same purposes in the future because his injuries are permanent in nature.

61. As a direct and proximate result of the motor vehicle collisions and injuries sustained, Plaintiff has expended, and will expend for an indefinite time in the future, various and substantial sums of money for the medicine and medical attention in and about endeavoring to treat and cure him of his injuries all to his great financial loss and damage.

62. As a direct and proximate result of the motor vehicle collisions and injuries sustained, Plaintiff has been and will into the future be unable to go about his usual daily occupation and routine because his injuries are permanent in nature.

63. As a result of the motor vehicle collisions and injuries sustained, Plaintiff has been and will for an indefinite time in the future be forced to suffer embarrassment, humiliation, disfigurement and a loss of the pleasures of life.

64. As a direct and proximate result of the motor vehicle collisions and injuries sustained, Plaintiff has suffered, and will continue to suffer, wage diminution or lessening of his earning power and earning capacity, and will continue to suffer in the future, due to his permanent injury.

65. As a direct and proximate result of the motor vehicle collisions and injuries sustained, Plaintiff Abdullahi Kabirow experienced the following damages, losses and disabilities consisting of:

a. Past, present and future pain and suffering;

b. Past, present and future emotional distress and mental anguish;

c. Past, present and future medical expenses;

d. Past, present and future disfigurement and scarring;

e. Past, present and future loss of life's pleasures; and

f. Past, present and future loss of earnings and/or loss of earning capacity.

66. All the conditions, disabilities, medical impairments and/or injuries and damages suffered by Plaintiff Abdullahi Kabirow are directly related to the tortious actions of all the Defendants and as such, all Defendants are jointly and severally liable to Plaintiff.

**COUNT ONE**
**Abdullahi A. Kabirow v. Keith H. Kloss**
**Negligence**

67. The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

68. The aforesaid motor vehicle crash was due to the negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct of

Defendant Keith H. Kloss and in no way due to any negligent act or failure on the part of Plaintiff.

69. The negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct of Defendant Kloss consisted of the following:

a. failure to properly observe the roadway;
b. failure to properly brake his vehicle;
c. failure to maneuver his vehicle so as to avoid a collision;
d. failure to maintain adequate control over his vehicle;
e. failure to take proper evasive action so as to avoid a crash;
f. failure to keep a proper lookout for vehicles on the roadway;
g. following more closely to the vehicle in front of him than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);
h. operating his vehicle in a careless manner in violation of 75 Pa.C.S.A §3714;
i. operating his vehicle at a speed greater than was reasonable and prudent under the then-existing conditions in violation of 75 Pa.C.S.A. §3361;
j. failing to stay in a single lane of travel on the highway in violation of 75 Pa.C.S.A. §3309;

k. operating his vehicle without due regard for the rights, safety, and position of other vehicles lawfully on the roadway;

l. driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

m. operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

n. sending, reading, and/or writing a text-based communication while operating a motor vehicle;

o. driving a commercial vehicle while distracted;

p. failure to give warning of his approach;

q. failure to remain attentive and to maintain a sharp lookout in the area in which he was operating his vehicle;

r. failure to operate his vehicle in a safe manner in accordance with the conditions then and there present, especially in bad weather;

s. failure to stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

t. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

u. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

v. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

w. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

x. Falling asleep while driving;

y. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

z. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

aa. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

bb. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

cc. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

dd. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ee. Operating his vehicle when he knew or should have known that he was unfit to do so;

ff. Failure to record his duty status properly in violation of 49 CFR §395.8;

gg. Driving while using a cellular phone without a Bluetooth or hands free device;

hh. Sending, reading and writing a text-based communication while operating a motor vehicle;

ii. Texting while driving in violation of 49 CFR §392.80;

jj. Using a hand-held mobile telephone while driving a commercial motor vehicle in violation of 49 CFR §392.82; and

kk. Operating his vehicle when he was so ill as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3.

70. As a result of the above-stated acts and omissions, Plaintiff Abdullahi Kabirow has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Abdullahi A. Kabirow demands judgment against Defendant Keith H. Kloss, individually, and jointly and severally, in an amount in excess of $75,000.00 plus interest, costs, and other such relief as this Court deems appropriate.

**COUNT TWO**
**Abdullahi A. Kabirow v. Estes Express Lines**
**Negligence**

71. The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

72. The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Estes Express Lines, and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff Abdullahi A. Kabirow.

73. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Estes, by and through the acts and/or omissions of its agents and/or employees, including but not limited to Defendant Kloss, consisted of the following:

a. failure to properly observe the roadway;

b. failure to properly brake his vehicle;

c. failure to maneuver his vehicle so as to avoid a collision;

d. failure to maintain adequate control over his vehicle;

e. failure to take proper evasive action so as to avoid a crash;

f. failure to keep a proper lookout for vehicles on the roadway;

g. following more closely to the vehicle in front of him than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);

h. operating his vehicle in a careless manner in violation of 75 Pa.C.S.A §3714;

i. operating his vehicle at a speed greater than was reasonable and prudent under the then-existing conditions in violation of 75 Pa.C.S.A. §3361;

j. failing to stay in a single lane of travel on the highway in violation of 75 Pa.C.S.A. §3309;

k. operating his vehicle without due regard for the rights, safety, and position of other vehicles lawfully on the roadway;

l. driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

m. operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

n. sending, reading, and/or writing a text-based communication while operating a motor vehicle;

o. driving a commercial vehicle while distracted;

p. failure to give warning of his approach;

q. failure to remain attentive and to maintain a sharp lookout in the area in which he was operating his vehicle;

r. failure to operate his vehicle in a safe manner in accordance with the conditions then and there present, especially in bad weather;

s. failure to stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

t. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

u. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

v. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

w. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

x. Falling asleep while driving;

y. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

z. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

aa. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

bb. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

cc. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

dd. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ee. Operating his vehicle when he knew or should have known that he was unfit to do so;

ff. Failure to record his duty status properly in violation of 49 CFR §395.8;

gg. Driving while using a cellular phone without a Bluetooth or hands free device;

hh. Sending, reading and writing a text-based communication while operating a motor vehicle;

ii. Texting while driving in violation of 49 CFR §392.80;

jj. Using a hand-held mobile telephone while driving a commercial motor vehicle in violation of 49 CFR §392.82; and

kk. Operating his vehicle when he was so ill as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3.

74. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Estes in its own right, consisted of the following:

a. Negligently entrusting Defendant Kloss with its commercial tractor trailer when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b. Negligently entrusting Defendant Kloss with its commercial tractor trailer when it knew or should have known that Defendant Kloss

would fail to use extreme caution when operating the commercial motor vehicle when hazardous conditions affected his visibility in violation of 49 CFR §392.114;

c. Negligently entrusting Defendant Kloss with its commercial tractor trailer when it knew or should have known that Defendant Kloss would fail to reduce his speed when driving the commercial motor vehicle in extreme conditions in violation of 49 CFR §392.114;

d. Negligently entrusting Defendant Kloss with its commercial tractor trailer when it knew or should have known that Defendant Kloss would fail to discontinue use of the commercial tractor trailer when hazardous conditions became sufficiently dangerous in violation of 49 CFR §392.114;

e. Failing to adequately instruct Defendant Kloss in the safe operation of the vehicle prior to entrusting him with it;

f. Failing to adequately instruct Defendant Kloss in the safe operation of a commercial motor vehicle in hazardous conditions;

g. Failing to prevent Defendant Kloss from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

h. Failing to prevent Defendant Kloss from operating the vehicle when hazardous conditions existed in violation of 49 CFR §392.114;

i. Failing to adequately ascertain that Defendant Kloss lacked the ability necessary to safely operate the vehicle under the circumstances;

j. Negligently hiring, supervising, training and/or retaining Defendant Kloss;

k. Negligently hiring Defendant Kloss when it knew or should have known of his propensity for speeding and following vehicles ahead of him too closely which made him unfit to safely operate a commercial vehicle;

l. Negligently permitting Defendant Kloss to drive its vehicle when it knew or should have known that he was unfit to do so;

m. Failing to adequately instruct Defendant Kloss in the safe operation of its vehicle while within the course and scope of his employment/agency with the Defendant;

n. Failing to prevent Defendant Kloss from operating its vehicle until he had sufficient ability to operate the motor vehicle safely;

o. Failing to adequately ascertain that Defendant Kloss lacked the ability necessary to safely operate its vehicle under the circumstances;

p. Failing to provide Defendant Kloss with the equipment necessary to safely operate the vehicle;

q. Failing to adequately train and oversee its employees/agents, including Defendant Kloss, in the inspection and operation of its vehicle;

r. Permitting Defendant Kloss to operate its vehicle when it knew or should have known that he was unfit to do so;

s. Failing to provide Defendant Kloss with proper training necessary to drive its vehicle safely, especially in bad weather;

t. Permitting Defendant Kloss to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

u. Permitting Defendant Kloss to operate its vehicle when it knew or should have known that the requirements for him to earn income from operating its vehicle would cause him to violate the rules of the road and/or drive while distracted and/or fatigued;

v. Failing to monitor and/or regulate its drivers' hours, audit its drivers' logs, and to have a policy in place to address fatigue in its drivers;

w. Failure to provide Defendant Kloss with proper training necessary to drive its commercial vehicle,;

x. Failure to properly qualify Defendant Kloss as required by 49 CFR § 391 et seq.;

y. Permitting Defendant Kloss to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

z. Permitting Defendant Kloss to operate its vehicle when it knew or should have known that he would continue to drive in hazardous conditions in violation of 49 CFR § 392.14;

aa. Permitting Defendant Kloss to operate its vehicle when it knew or should have known that he would fail to reduce his speed when driving in hazardous conditions in violation of 49 CFR § 392.14;

bb. Permitting Defendant Kloss to operate its vehicle when it knew or should have known that he would drive while using a cellular phone without a Bluetooth or hands free device;

cc. Permitting Defendant Kloss to operate its vehicle when it knew or should have known that he would send, read, or write a text-based communication while operating a motor vehicle;

dd. Scheduling a run and/or requiring Defendant Kloss to operate its vehicle between points in such periods of time as would necessitate Defendant Kloss to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

ee. Permitting Defendant Kloss to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

ff. Failure to require Defendant Kloss to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

gg. Aiding, abetting, encouraging and/or requiring Defendant Kloss to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; and

hh. Failure to properly supervise Defendant Kloss in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

75. As a result of the above-stated acts and omissions, Plaintiff Abdullahi Kabirow has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff Abdullahi Kabirow demands judgment against Defendants Estes Express Lines, individually and jointly and severally in an amount in excess of $75,000.00 plus interest, costs, and other such relief as this Court deems appropriate.

**COUNT THREE**
**Abdullahi A. Kabirow v. Ralphby Annulysse**
**Negligence**

76. The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

77. The aforesaid motor vehicle crash was due to the negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct of Defendant Ralphby Annulysse and in no way due to any negligent act or failure on the part of Plaintiff.

78. The negligent conduct, careless conduct and/or reckless and/or wanton and/or willful misconduct of Defendant Ralphby Annulysse consisted of the following:

a. failure to properly change lanes on the roadway in violation of 75 Pa.C.S.A. §3309(1);
b. failure to properly observe the roadway;
c. failure to properly brake his vehicle;
d. failure to maneuver his vehicle so as to avoid a collision;
e. failure to maintain adequate control over his commercial vehicle;
f. failure to take proper evasive action so as to avoid a crash;
g. failure to keep a proper lookout for vehicles on the roadway;
h. failure to comply with the Pennsylvania Move Over Law, 75 Pa.C.S.A. §3327(a.1), and failing to move over into an adjacent lane when approaching a disabled vehicles on the roadway;

i. following more closely to the vehicle in front of him than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);

j. operating his vehicle in a careless manner in violation of 75 Pa.C.S.A §3714;

k. operating his vehicle at a speed greater than was reasonable and prudent under the then-existing conditions in violation of 75 Pa.C.S.A. §3361;

l. failing to stay in a single lane of travel on the highway in violation of 75 Pa.C.S.A. §3309;

m. operating his vehicle without due regard for the rights, safety, and position of other vehicles lawfully on the roadway;

n. driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

o. operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p. sending, reading, and/or writing a text-based communication while operating a motor vehicle;

q. driving a commercial vehicle while distracted;

r. failure to give warning of his approach;

s. failure to remain attentive and to maintain a sharp lookout in the area in which he was operating his vehicle;

t. failure to operate his vehicle in a safe manner in accordance with the conditions then and there present, especially in bad weather;

u. failure to slow or bring his commercial vehicle to a stop to avoid the subject impact;

v. causing the tractor-trailer to travel into the left shoulder of the roadway so as to bring about the subject collision with Plaintiff and his disabled vehicle;

w. failure to stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

x. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

y. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

aa. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

bb. Falling asleep while driving;

cc. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

dd. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ee. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ff. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

gg. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

hh. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ii. Operating his vehicle when he knew or should have known that he was unfit to do so;

jj. Failure to record his duty status properly in violation of 49 CFR §395.8;

kk. Driving while using a cellular phone without a Bluetooth or hands free device;

ll. Sending, reading and writing a text-based communication while operating a motor vehicle;

mm. Texting while driving in violation of 49 CFR §392.80;

nn. Using a hand-held mobile telephone while driving a commercial motor vehicle in violation of 49 CFR §392.82; and

oo. Operating his vehicle when he was so ill as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3.

79. As a result of the above-stated acts and omissions, Plaintiff Abdullahi Kabirow has suffered such harm as has been previously stated herein.

80. The conduct of Defendant Annulysse was outrageous and/or willfully, wantonly and/or with reckless indifference to the rights of the public, including Plaintiff, since he was driving at an excessive speed in bad weather, since he was not paying attention to the roadway, since he failed to slow down when approaching an accident visibly ahead of him and failed to properly move over to the left lane of

travel despite the activated warning arrow, and since he failed to apply his brakes prior to impact with Plaintiff's trailer disabled off the roadway.

81. Defendant Annulysse operated the commercial tractor trailer owned and controlled by his employer Defendant Ryder, within the course and scope of his agency and/or employment with Defendants Ryder and Ralphy Transport, with a reckless indifference for the rights and safety of others, including Plaintiff, and his actions were done to further Defendant companies' interests.

82. All of these acts by Defendant Annulysse constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages in addition to compensatory damages against Defendant Annulysse.

**WHEREFORE**, Plaintiff Abdullahi A. Kabirow demands judgment against Defendant Ralphby Annulysse, individually, and jointly and severally, in an amount in excess of $75,000.00, as well as punitive damages, plus interest, costs, and other such relief as this Court deems appropriate.

**COUNT FOUR**
**Abdullahi A. Kabirow v. Ryder Truck Rental, Inc.**
**Negligence**

83. The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

84. The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendants Ryder Truck Rental, Inc. and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff Abdullahi A. Kabirow.

85. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Ryder Truck Rental, Inc., by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Ralphby Annulysse, consisted of the following:

a. failure to properly change lanes on the roadway in violation of 75 Pa.C.S.A. §3309(1);
b. failure to properly observe the roadway;
c. failure to properly brake his vehicle;
d. failure to maneuver his vehicle so as to avoid a collision;
e. failure to maintain adequate control over his commercial vehicle;
f. failure to take proper evasive action so as to avoid a crash;
g. failure to keep a proper lookout for vehicles on the roadway;
h. failure to comply with the Pennsylvania Move Over Law, 75 Pa.C.S.A. §3327(a.1), and failing to move over into an adjacent lane when approaching a disabled vehicles on the roadway;

i. following more closely to the vehicle in front of him than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);

j. operating his vehicle in a careless manner in violation of 75 Pa.C.S.A §3714;

k. operating his vehicle at a speed greater than was reasonable and prudent under the then-existing conditions in violation of 75 Pa.C.S.A. §3361;

l. failing to stay in a single lane of travel on the highway in violation of 75 Pa.C.S.A. §3309;

m. operating his vehicle without due regard for the rights, safety, and position of other vehicles lawfully on the roadway;

n. driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

o. operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p. sending, reading, and/or writing a text-based communication while operating a motor vehicle;

q. driving a commercial vehicle while distracted;

r. failure to give warning of his approach;

s. failure to remain attentive and to maintain a sharp lookout in the area in which he was operating his vehicle;

t. failure to operate his vehicle in a safe manner in accordance with the conditions then and there present, especially in bad weather;

u. failure to slow or bring his commercial vehicle to a stop to avoid the subject impact;

v. causing the tractor-trailer to travel into the left shoulder of the roadway so as to bring about the subject collision with Plaintiff and his disabled vehicle;

w. failure to stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

x. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

y. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

aa. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

bb. Falling asleep while driving;

cc. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

dd. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ee. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ff. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

gg. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

hh. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ii. Operating his vehicle when he knew or should have known that he was unfit to do so;

jj. Failure to record his duty status properly in violation of 49 CFR §395.8;

kk. Driving while using a cellular phone without a Bluetooth or hands free device;

ll. Sending, reading and writing a text-based communication while operating a motor vehicle;

mm. Texting while driving in violation of 49 CFR §392.80;

nn. Using a hand-held mobile telephone while driving a commercial motor vehicle in violation of 49 CFR §392.82; and

oo. Operating his vehicle when he was so ill as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3.

86. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Ryder Truck Rental, Inc. in its own right, consisted of the following:

a. Negligently entrusting Defendant Ralphby Annulysse with its commercial tractor trailer when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to use extreme caution when operating the commercial motor vehicle when hazardous conditions affected his visibility in violation of 49 CFR §392.114;

c. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to reduce his speed when driving the commercial motor vehicle in extreme conditions in violation of 49 CFR §392.114;

d. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to discontinue use of the commercial tractor trailer when hazardous conditions became sufficiently dangerous in violation of 49 CFR §392.114;

e. Failing to adequately instruct Defendant Annulysse in the safe operation of the vehicle prior to entrusting him with it;

f. Failing to adequately instruct Defendant Annulysse in the safe operation of a commercial motor vehicle in hazardous conditions;

g. Failing to prevent Defendant Annulysse from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

h. Failing to prevent Defendant Annulysse from operating the vehicle when hazardous conditions existed in violation of 49 CFR §392.114;

i. Failing to adequately ascertain that Defendant Annulysse lacked the ability necessary to safely operate the vehicle under the circumstances;

j. Negligently hiring, supervising, training and/or retaining Defendant Annulysse;

k. Negligently hiring Defendant Annulysse when it knew or should have known of his propensity for speeding and driving carelessly which made him unfit to safely operate a commercial vehicle;

l. Negligently permitting Defendant Annulysse to drive its vehicle when it knew or should have known that he was unfit to do so;

m. Failing to adequately instruct Defendant Annulysse in the safe operation of its vehicle while within the course and scope of his employment/agency with the Defendant;

n. Failing to prevent Defendant Annulysse from operating its vehicle until he had sufficient ability to operate the motor vehicle safely;

o. Failing to adequately ascertain that Defendant Annulysse lacked the ability necessary to safely operate its vehicle under the circumstances;

p. Failing to provide Defendant Annulysse with the equipment necessary to safely operate the vehicle;

q. Failing to adequately train and oversee its employees/agents, including Defendant Annulysse, in the inspection and operation of its vehicles;

r. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was unfit to do so;

s. Failing to provide Defendant Annulysse with proper training necessary to drive its vehicle safely, especially in bad weather;

t. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

u. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that the requirements for him to earn income from operating its vehicle would cause him to violate the rules of the road and/or drive while distracted and/or fatigued;

v. Failing to monitor and/or regulate its drivers' hours, audit its drivers' logs, and to have a policy in place to address fatigue in its drivers;

w. Failure to provide Defendant Annulysse with proper training necessary to drive its commercial vehicle;

x. Failure to properly qualify Defendant Annulysse as required by 49 CFR § 391 et seq.;

y. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

z. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would continue to drive in hazardous conditions in violation of 49 CFR § 392.14;

aa. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would fail to reduce his speed when driving in hazardous conditions in violation of 49 CFR § 392.14;

bb. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would drive while using a cellular phone without a Bluetooth or hands free device;

cc. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would send, read, or write a text-based communication while operating a motor vehicle;

dd. Scheduling a run and/or requiring Defendant Annulysse to operate its vehicle between points in such periods of time as would necessitate Defendant Annulysse to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

ee. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

ff. Failure to require Defendant Annulysse to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

gg. Aiding, abetting, encouraging and/or requiring Defendant Annulysse to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; and

hh. Failure to properly supervise Defendant Annulysse in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

87. As a result of the above-stated acts and omissions, Plaintiff Abdullahi Kabirow has suffered such harm as has been previously stated herein.

88. Plaintiff is also entitled to punitive damages against Defendant Ryder Truck Rental, Inc. as Defendant Annulysse's employer since Defendant Annulysse was recklessly and wantonly driving a tractor trailer owned and controlled by Defendant Ryder Truck Rental, Inc. within the course and scope of his agency and/or employment with Defendant Ryder Truck Rental, Inc., and for the benefit of Defendant Ryder Truck Rental, Inc., when he was driving at an excessive speed in

bad weather, when he failed to slow down for the accident visibly ahead of him, when he failed to carefully move over into the left lane of travel on I-80 West despite the directional arrow that was activated, and when he collided into Plaintiff's disabled tractor trailer off the left side of the roadway.

89. Defendant Ryder Truck Rental, Inc. was reckless in failing to adequately train, supervise, and instruct Defendant Annulysse to properly and safely operate its tractor trailer, and Defendant Ryder Truck Rental, Inc. knowingly permitted Defendant Annulysse to operate its commercial vehicle without adequate training and supervision.

90. The conduct of Defendant Annulysse while he was driving the tractor trailer owned and controlled by Defendant Ryder Truck Rental, Inc., within the course and scope of his agency and/or employment with Defendant Ryder Truck Rental, Inc., was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public, including Plaintiff.

91. All of these acts by Defendant Annulysse, while he was driving a commercial tractor trailer owned and controlled by Defendant Ryder Truck Rental, Inc., within the course and scope of his agency and/or employment with Defendant Ryder Truck Rental, Inc. constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages in addition to compensatory damages against Defendant Ryder Truck Rental, Inc. based on its

own conduct and based on the actions of its agent and/or employee, Defendant Annulysse.

**WHEREFORE**, Plaintiff Abdullahi Kabirow demands judgment against Defendant Ryder Truck Rental, Inc. individually, and jointly and severally in an amount in excess of $75,000.00, as well as punitive damages, plus interest, costs, and other such relief as this Court deems appropriate.

**COUNT FIVE**
**Abdullahi A. Kabirow v. Ryder System, Inc.**
**Negligence**

92. The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

93. The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendants Ryder System, Inc., and/or its agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff Abdullahi A. Kabirow.

94. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Ryder System, Inc., by and through the acts and or omissions of its agents and/or employees, including but not limited to Defendant Ralphby Annulysse, consisted of the following:

a. failure to properly change lanes on the roadway in violation of 75 Pa.C.S.A. §3309(1);

b. failure to properly observe the roadway;

c. failure to properly brake his vehicle;

d. failure to maneuver his vehicle so as to avoid a collision;

e. failure to maintain adequate control over his commercial vehicle;

f. failure to take proper evasive action so as to avoid a crash;

g. failure to keep a proper lookout for vehicles on the roadway;

h. failure to comply with the Pennsylvania Move Over Law, 75 Pa.C.S.A. §3327(a.1), and failing to move over into an adjacent lane when approaching a disabled vehicles on the roadway;

i. following more closely to the vehicle in front of him than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);

j. operating his vehicle in a careless manner in violation of 75 Pa.C.S.A §3714;

k. operating his vehicle at a speed greater than was reasonable and prudent under the then-existing conditions in violation of 75 Pa.C.S.A. §3361;

l. failing to stay in a single lane of travel on the highway in violation of 75 Pa.C.S.A. §3309;

m. operating his vehicle without due regard for the rights, safety, and position of other vehicles lawfully on the roadway;

n. driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

o. operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p. sending, reading, and/or writing a text-based communication while operating a motor vehicle;

q. driving a commercial vehicle while distracted;

r. failure to give warning of his approach;

s. failure to remain attentive and to maintain a sharp lookout in the area in which he was operating his vehicle;

t. failure to operate his vehicle in a safe manner in accordance with the conditions then and there present, especially in bad weather;

u. failure to slow or bring his commercial vehicle to a stop to avoid the subject impact;

v. causing the tractor-trailer to travel into the left shoulder of the roadway so as to bring about the subject collision with Plaintiff and his disabled vehicle;

w. failure to stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

x. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

y. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

aa. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

bb. Falling asleep while driving;

cc. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety

Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

dd. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ee. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ff. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

gg. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

hh. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ii. Operating his vehicle when he knew or should have known that he was unfit to do so;

jj. Failure to record his duty status properly in violation of 49 CFR §395.8;

kk. Driving while using a cellular phone without a Bluetooth or hands free device;

ll. Sending, reading and writing a text-based communication while operating a motor vehicle;

mm. Texting while driving in violation of 49 CFR §392.80;

nn. Using a hand-held mobile telephone while driving a commercial motor vehicle in violation of 49 CFR §392.82; and

oo. Operating his vehicle when he was so ill as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3.

95. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Ryder System, Inc. in its own right, consisted of the following:

a. Negligently entrusting Defendant Ralphby Annulysse with its commercial tractor trailer when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to use extreme caution when operating the commercial motor vehicle when hazardous conditions affected his visibility in violation of 49 CFR §392.114;

c. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to reduce his speed when driving the commercial motor vehicle in extreme conditions in violation of 49 CFR §392.114;

d. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to discontinue use of the commercial tractor trailer when hazardous conditions became sufficiently dangerous in violation of 49 CFR §392.114;

e. Failing to adequately instruct Defendant Annulysse in the safe operation of the vehicle prior to entrusting him with it;

f. Failing to adequately instruct Defendant Annulysse in the safe operation of a commercial motor vehicle in hazardous conditions;

g. Failing to prevent Defendant Annulysse from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

h. Failing to prevent Defendant Annulysse from operating the vehicle when hazardous conditions existed in violation of 49 CFR §392.114;

i. Failing to adequately ascertain that Defendant Annulysse lacked the ability necessary to safely operate the vehicle under the circumstances;

j. Negligently hiring, supervising, training and/or retaining Defendant Annulysse;

k. Negligently hiring Defendant Annulysse when it knew or should have known of his propensity for speeding and driving carelessly which made him unfit to safely operate a commercial vehicle;

l. Negligently permitting Defendant Annulysse to drive its vehicle when it knew or should have known that he was unfit to do so;

m. Failing to adequately instruct Defendant Annulysse in the safe operation of its vehicle while within the course and scope of his employment/agency with the Defendant;

n. Failing to prevent Defendant Annulysse from operating its vehicle until he had sufficient ability to operate the motor vehicle safely;

o. Failing to adequately ascertain that Defendant Annulysse lacked the ability necessary to safely operate its vehicle under the circumstances;

p. Failing to provide Defendant Annulysse with the equipment necessary to safely operate the vehicle;

q. Failing to adequately train and oversee its employees/agents, including Defendant Annulysse, in the inspection and operation of its vehicles;

r. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was unfit to do so;

s. Failing to provide Defendant Annulysse with proper training necessary to drive its vehicle safely, especially in bad weather;

t. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

u. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that the requirements for him to earn income from operating its vehicle would cause him to violate the rules of the road and/or drive while distracted and/or fatigued;

v. Failing to monitor and/or regulate its drivers' hours, audit its drivers' logs, and to have a policy in place to address fatigue in its drivers;

w. Failure to provide Defendant Annulysse with proper training necessary to drive its commercial vehicle;

x. Failure to properly qualify Defendant Annulysse as required by 49 CFR § 391 et seq.;

y. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

z. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would continue to drive in hazardous conditions in violation of 49 CFR § 392.14;

aa. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would fail to reduce his speed when driving in hazardous conditions in violation of 49 CFR § 392.14;

bb. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would drive while using a cellular phone without a Bluetooth or hands free device;

cc. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would send, read, or write a text-based communication while operating a motor vehicle;

dd. Scheduling a run and/or requiring Defendant Annulysse to operate its vehicle between points in such periods of time as would necessitate Defendant Annulysse to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

ee. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

ff. Failure to require Defendant Annulysse to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

gg. Aiding, abetting, encouraging and/or requiring Defendant Annulysse to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; and

hh. Failure to properly supervise Defendant Annulysse in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

96. As a result of the above-stated acts and omissions, Plaintiff Abdullahi Kabirow has suffered such harm as has been previously stated herein.

97. Plaintiff is also entitled to punitive damages against Defendant Ryder System, Inc. as Defendant Annulysse's employer since Defendant Annulysse was recklessly and wantonly driving a tractor trailer owned and controlled by Defendant Ryder System, Inc., within the course and scope of his agency and/or employment with Defendant Ryder System, Inc., and for the benefit of Defendant Ryder System, Inc., when he was driving at an excessive speed in bad weather, when he failed to slow down for the accident visibly ahead of him, when he failed to carefully move over into the left lane of travel on I-80 West despite the directional arrow that was

activated, and when he collided into Plaintiff's disabled tractor trailer off the left side of the roadway.

98. Defendant Ryder System, Inc. was reckless in failing to adequately train, supervise, and instruct Defendant Annulysse to properly and safely operate its tractor trailer, and Defendant Ryder System, Inc. knowingly permitted Defendant Annulysse to operate its commercial vehicle without adequate training and supervision.

99. The conduct of Defendant Annulysse while he was driving the tractor trailer owned and controlled by Defendant Ryder System, Inc., within the course and scope of his agency and/or employment with Defendant Ryder System, Inc., was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public, including Plaintiff.

100. All of these acts by Defendant Annulysse, while he was driving a commercial tractor trailer owned and controlled by Defendant Ryder System, Inc., within the course and scope of his agency and/or employment with Defendant Ryder System, Inc., constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages in addition to compensatory damages against Defendant Ryder System, Inc. based on its own conduct and based on the actions of its agent and/or employee, Defendant Annulysse.

**WHEREFORE**, Plaintiff Abdullahi Kabirow demands judgment against Defendant Ryder System, Inc., individually, and jointly and severally in an amount in excess of $75,000.00, as well as punitive damages, plus interest, costs, and other such relief as this Court deems appropriate.

**COUNT SIX**
**Abdullahi A. Kabirow v. Ralphy Transport, LLC**
**Negligence**

101. The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

102. The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Ralphy Transport, LLC, ("Defendant Ralphy Transport"), and/or its principal, agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff Abdullahi A. Kabirow.

103. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Ralphy Transport, by and through the acts and or omissions of its principal, agent, contractor and/or employee, including but not limited to Defendant Ralphby Annulysse, consisted of the following:

a. failure to properly change lanes on the roadway in violation of 75 Pa.C.S.A. §3309(1);

b. failure to properly observe the roadway;

c. failure to properly brake his vehicle;

d. failure to maneuver his vehicle so as to avoid a collision;

e. failure to maintain adequate control over his commercial vehicle;

f. failure to take proper evasive action so as to avoid a crash;

g. failure to keep a proper lookout for vehicles on the roadway;

h. failure to comply with the Pennsylvania Move Over Law, 75 Pa.C.S.A. §3327(a.1), and failing to move over into an adjacent lane when approaching a disabled vehicles on the roadway;

i. following more closely to the vehicle in front of him than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);

j. operating his vehicle in a careless manner in violation of 75 Pa.C.S.A §3714;

k. operating his vehicle at a speed greater than was reasonable and prudent under the then-existing conditions in violation of 75 Pa.C.S.A. §3361;

l. failing to stay in a single lane of travel on the highway in violation of 75 Pa.C.S.A. §3309;

m. operating his vehicle without due regard for the rights, safety, and position of other vehicles lawfully on the roadway;

n. driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

o. operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p. sending, reading, and/or writing a text-based communication while operating a motor vehicle;

q. driving a commercial vehicle while distracted;

r. failure to give warning of his approach;

s. failure to remain attentive and to maintain a sharp lookout in the area in which he was operating his vehicle;

t. failure to operate his vehicle in a safe manner in accordance with the conditions then and there present, especially in bad weather;

u. failure to slow or bring his commercial vehicle to a stop to avoid the subject impact;

v. causing the tractor-trailer to travel into the left shoulder of the roadway so as to bring about the subject collision with Plaintiff and his disabled vehicle;

w. failure to stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

x. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

y. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

aa. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

bb. Falling asleep while driving;

cc. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

dd. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ee. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ff. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

gg. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

hh. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ii. Operating his vehicle when he knew or should have known that he was unfit to do so;

jj. Failure to record his duty status properly in violation of 49 CFR §395.8;

kk. Driving while using a cellular phone without a Bluetooth or hands free device;

ll. Sending, reading and writing a text-based communication while operating a motor vehicle;

mm. Texting while driving in violation of 49 CFR §392.80;

nn. Using a hand-held mobile telephone while driving a commercial motor vehicle in violation of 49 CFR §392.82; and

oo. Operating his vehicle when he was so ill as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3.

104. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Ralphy Transport in its own right, consisted of the following:

ii. Negligently entrusting Defendant Ralphby Annulysse with its commercial tractor trailer when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

jj. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to use extreme caution when operating the commercial motor vehicle when hazardous conditions affected his visibility in violation of 49 CFR §392.114;

kk. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to reduce his speed when driving the commercial motor vehicle in extreme conditions in violation of 49 CFR §392.114;

ll. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to discontinue use of the commercial tractor

trailer when hazardous conditions became sufficiently dangerous in violation of 49 CFR §392.114;

mm. Failing to adequately instruct Defendant Annulysse in the safe operation of the vehicle prior to entrusting him with it;

nn. Failing to adequately instruct Defendant Annulysse in the safe operation of a commercial motor vehicle in hazardous conditions;

oo. Failing to prevent Defendant Annulysse from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

pp. Failing to prevent Defendant Annulysse from operating the vehicle when hazardous conditions existed in violation of 49 CFR §392.114;

qq. Failing to adequately ascertain that Defendant Annulysse lacked the ability necessary to safely operate the vehicle under the circumstances;

rr. Negligently hiring, supervising, training and/or retaining Defendant Annulysse;

ss. Negligently hiring Defendant Annulysse when it knew or should have known of his propensity for speeding and driving carelessly which made him unfit to safely operate a commercial vehicle;

tt. Negligently permitting Defendant Annulysse to drive its vehicle when it knew or should have known that he was unfit to do so;

uu. Failing to adequately instruct Defendant Annulysse in the safe operation of its vehicle while within the course and scope of his employment/agency with the Defendant;

vv. Failing to prevent Defendant Annulysse from operating its vehicle until he had sufficient ability to operate the motor vehicle safely;

ww. Failing to adequately ascertain that Defendant Annulysse lacked the ability necessary to safely operate its vehicle under the circumstances;

xx. Failing to provide Defendant Annulysse with the equipment necessary to safely operate the vehicle;

yy. Failing to adequately train and oversee its employees/agents, including Defendant Annulysse, in the inspection and operation of its vehicles;

zz. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was unfit to do so;

aaa. Failing to provide Defendant Annulysse with proper training necessary to drive its vehicle safely, especially in bad weather;

bbb. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

ccc. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that the requirements for him to earn income from operating its vehicle would cause him to violate the rules of the road and/or drive while distracted and/or fatigued;

ddd. Failing to monitor and/or regulate its drivers' hours, audit its drivers' logs, and to have a policy in place to address fatigue in its drivers;

eee. Failure to provide Defendant Annulysse with proper training necessary to drive its commercial vehicle;

fff. Failure to properly qualify Defendant Annulysse as required by 49 CFR § 391 et seq.;

ggg. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

hhh. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would continue to drive in hazardous conditions in violation of 49 CFR § 392.14;

iii. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would fail to reduce his speed when driving in hazardous conditions in violation of 49 CFR § 392.14;

jjj. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would drive while using a cellular phone without a Bluetooth or hands free device;

kkk. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would send, read, or write a text-based communication while operating a motor vehicle;

lll. Scheduling a run and/or requiring Defendant Annulysse to operate its vehicle between points in such periods of time as would necessitate Defendant Annulysse to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

mmm. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

nnn. Failure to require Defendant Annulysse to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

ooo. Aiding, abetting, encouraging and/or requiring Defendant Annulysse to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; and

ppp. Failure to properly supervise Defendant Annulysse in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

105. As a result of the above-stated acts and omissions, Plaintiff Abdullahi Kabirow has suffered such harm as has been previously stated herein.

106. Plaintiff is also entitled to punitive damages against Defendant Ralphy Transport as Defendant Annulysse's employer since Defendant Annulysse was recklessly and wantonly driving a tractor trailer, within the course and scope of his agency and/or employment with Defendant Ralphy Transport, and for the benefit of Defendant Ralphy Transport, when he was driving at an excessive speed in bad weather, when he failed to slow down for the accident visibly ahead of him, when he failed to carefully move over into the left lane of travel on I-80 West despite the directional arrow that was activated and when he collided into Plaintiff's disabled tractor trailer off the left side of the roadway.

107. Defendant Ralphy Transport was reckless in failing to adequately train, supervise, and instruct Defendant Annulysse to properly and safely transport goods for its benefit, and Defendant Ralphy Transport knowingly permitted Defendant Annulysse to operate a commercial vehicle within the course and scope of his employment with it without adequate training and supervision.

108. The conduct of Defendant Annulysse while he was driving the tractor trailer within the course and scope of his agency and/or employment with Defendant Ralphy Transport, was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public, including Plaintiff.

109. All of these acts by Defendant Annulysse, while he was driving a commercial tractor trailer, within the course and scope of his agency and/or employment with Defendant Ralphy Transport, constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages in addition to compensatory damages against Defendant Ralphy Transport based on its own conduct and based on the actions of its principal, agent and/or employee, Defendant Annulysse.

**WHEREFORE**, Plaintiff Abdullahi Kabirow demands judgment against Defendant Ralphy Transport, LLC, individually, and jointly and severally in an amount in excess of $75,000.00, as well as punitive damages, plus interest, costs, and other such relief as this Court deems appropriate.

**COUNT SEVEN**
**Abdullahi A. Kabirow v. Zone-Oh, LLC**
**Negligence**

110. The preceding paragraphs above are incorporated herein by reference as if fully set forth here at length.

111. The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Zone-Oh and/or its principal, agents, ostensible agents, servants, workmen, and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff Abdullahi A. Kabirow.

112. The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Zone-Oh by and through the acts and or omissions of its principal, agent, contractor and/or employee, including but not limited to Defendant Ralphby Annulysse, consisted of the following:

a. failure to properly change lanes on the roadway in violation of 75 Pa.C.S.A. §3309(1);
b. failure to properly observe the roadway;
c. failure to properly brake his vehicle;
d. failure to maneuver his vehicle so as to avoid a collision;
e. failure to maintain adequate control over his commercial vehicle;
f. failure to take proper evasive action so as to avoid a crash;
g. failure to keep a proper lookout for vehicles on the roadway;
h. failure to comply with the Pennsylvania Move Over Law, 75 Pa.C.S.A. §3327(a.1), and failing to move over into an adjacent lane when approaching a disabled vehicles on the roadway;

i. following more closely to the vehicle in front of him than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);

j. operating his vehicle in a careless manner in violation of 75 Pa.C.S.A §3714;

k. operating his vehicle at a speed greater than was reasonable and prudent under the then-existing conditions in violation of 75 Pa.C.S.A. §3361;

l. failing to stay in a single lane of travel on the highway in violation of 75 Pa.C.S.A. §3309;

m. operating his vehicle without due regard for the rights, safety, and position of other vehicles lawfully on the roadway;

n. driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

o. operating his vehicle so recklessly that he placed Plaintiff in danger of death and serious bodily injury in violation of 18 Pa. C.S.A. §2705;

p. sending, reading, and/or writing a text-based communication while operating a motor vehicle;

q. driving a commercial vehicle while distracted;

r. failure to give warning of his approach;

s. failure to remain attentive and to maintain a sharp lookout in the area in which he was operating his vehicle;

t. failure to operate his vehicle in a safe manner in accordance with the conditions then and there present, especially in bad weather;

u. failure to slow or bring his commercial vehicle to a stop to avoid the subject impact;

v. causing the tractor-trailer to travel into the left shoulder of the roadway so as to bring about the subject collision with Plaintiff and his disabled vehicle;

w. failure to stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. §3361;

x. Operating his vehicle while being distracted and/or fatigued in violation of 49 C.F.R. §392.3;

y. Failure to exercise extreme caution in the operation of his vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

z. Failure to reduce his speed when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14;

aa. Failure to discontinue the use of his commercial motor vehicle when hazardous conditions adversely affected his visibility and/or traction in violation of 49 C.F.R. §392.14

bb. Falling asleep while driving;

cc. Failure to operate, maintain, inspect and repair his vehicle in accordance with the applicable Federal Motor Carrier Safety Regulations 49 C.F.R. §390 et seq., which have been adopted in this Commonwealth pursuant to 67 Pa. Code §229.14;

dd. Failure to properly inspect his vehicle in accordance with 49 C.F.R. §392.7;

ee. Operating his vehicle in excess of the applicable hours of service rules in violation of 49 C.F.R. §395.3;

ff. Operating his vehicle when he was so fatigued as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3;

gg. Operating his vehicle in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of 49 C.F.R. §396.7;

hh. Failing to properly inspect his vehicle prior to driving to ensure it was in safe operating condition in violation of 49 C.F.R. §396.13;

ii. Operating his vehicle when he knew or should have known that he was unfit to do so;

jj. Failure to record his duty status properly in violation of 49 CFR §395.8;

kk. Driving while using a cellular phone without a Bluetooth or hands free device;

ll. Sending, reading and writing a text-based communication while operating a motor vehicle;

mm. Texting while driving in violation of 49 CFR §392.80;

nn. Using a hand-held mobile telephone while driving a commercial motor vehicle in violation of 49 CFR §392.82; and

oo. Operating his vehicle when he was so ill as to make it unsafe for him to operate the vehicle in violation of 49 CFR §392.3.

113. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Zone-Oh in its own right, consisted of the following:

a. Negligently entrusting Defendant Ralphby Annulysse with its commercial tractor trailer when it knew or should have known that he lacked sufficient skill, judgment, and prudence in the operation of the vehicle;

b. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to use extreme caution when operating the commercial motor vehicle when hazardous conditions affected his visibility in violation of 49 CFR §392.114;

c. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to reduce his speed when driving the commercial motor vehicle in extreme conditions in violation of 49 CFR §392.114;

d. Negligently entrusting Defendant Annulysse with its commercial tractor trailer when it knew or should have known that Defendant Annulysse would fail to discontinue use of the commercial tractor trailer when hazardous conditions became sufficiently dangerous in violation of 49 CFR §392.114;

e. Failing to adequately instruct Defendant Annulysse in the safe operation of the vehicle prior to entrusting him with it;

f. Failing to adequately instruct Defendant Annulysse in the safe operation of a commercial motor vehicle in hazardous conditions;

g. Failing to prevent Defendant Annulysse from operating the vehicle until he had sufficient ability to operate the motor vehicle safely;

h. Failing to prevent Defendant Annulysse from operating the vehicle when hazardous conditions existed in violation of 49 CFR §392.114;

i. Failing to adequately ascertain that Defendant Annulysse lacked the ability necessary to safely operate the vehicle under the circumstances;

j. Negligently hiring, supervising, training and/or retaining Defendant Annulysse;

k. Negligently hiring Defendant Annulysse when it knew or should have known of his propensity for speeding and driving carelessly which made him unfit to safely operate a commercial vehicle;

l. Negligently permitting Defendant Annulysse to drive its vehicle when it knew or should have known that he was unfit to do so;

m. Failing to adequately instruct Defendant Annulysse in the safe operation of its vehicle while within the course and scope of his employment/agency with the Defendant;

n. Failing to prevent Defendant Annulysse from operating its vehicle until he had sufficient ability to operate the motor vehicle safely;

o. Failing to adequately ascertain that Defendant Annulysse lacked the ability necessary to safely operate its vehicle under the circumstances;

p. Failing to provide Defendant Annulysse with the equipment necessary to safely operate the vehicle;

q. Failing to adequately train and oversee its employees/agents, including Defendant Annulysse, in the inspection and operation of its vehicles;

r. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was unfit to do so;

s. Failing to provide Defendant Annulysse with proper training necessary to drive its vehicle safely, especially in bad weather;

t. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known he would drive while being distracted and/or fatigued;

u. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that the requirements for him to earn income from operating its vehicle would cause him to violate the rules of the road and/or drive while distracted and/or fatigued;

v. Failing to monitor and/or regulate its drivers' hours, audit its drivers' logs, and to have a policy in place to address fatigue in its drivers;

w. Failure to provide Defendant Annulysse with proper training necessary to drive its commercial vehicle;

x. Failure to properly qualify Defendant Annulysse as required by 49 CFR § 391 et seq.;

y. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was too fatigued to do so safely in violation of 49 CFR § 392.3;

z. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would continue to drive in hazardous conditions in violation of 49 CFR § 392.14;

aa. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would fail to reduce his speed when driving in hazardous conditions in violation of 49 CFR § 392.14;

bb. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would drive while using a cellular phone without a Bluetooth or hands free device;

cc. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he would send, read, or write a text-based communication while operating a motor vehicle;

dd. Scheduling a run and/or requiring Defendant Annulysse to operate its vehicle between points in such periods of time as would necessitate Defendant Annulysse to operate the vehicle at too great a speed in violation of 49 C.F.R. §392.6;

ee. Permitting Defendant Annulysse to operate its vehicle when it knew or should have known that he was operating the vehicle in excess of the applicable hours of service in violation of 49 CFR § 395.3;

ff. Failure to require Defendant Annulysse to observe and abide by the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.11;

gg. Aiding, abetting, encouraging and/or requiring Defendant Annulysse to violate the Federal Motor Carrier Safety Regulations in violation of 49 C.F.R. §390.13; and

hh. Failure to properly supervise Defendant Annulysse in the operation of its vehicle to ensure compliance with the Federal Motor Carrier Safety Regulations.

114. As a result of the above-stated acts and omissions, Plaintiff Abdullahi Kabirow has suffered such harm as has been previously stated herein.

115. Plaintiff is also entitled to punitive damages against Defendant Zone-Oh as Defendant Annulysse's employer since Defendant Annulysse was recklessly and wantonly driving a tractor trailer, within the course and scope of his agency and/or employment with Defendant Zone-Oh, and for the benefit of Defendant Zone-Oh, when he was driving at an excessive speed in bad weather, when he failed to slow down for the accident visibly ahead of him, when he failed to carefully move

over into the left lane of travel on I-80 West despite the directional arrow that was activated and when he collided into Plaintiff's disabled tractor trailer off the left side of the roadway.

116. Defendant Zone-Oh was reckless in failing to adequately train, supervise, and instruct Defendant Annulysse to properly and safely transport goods for its benefit, and Defendant Zone-Oh knowingly permitted Defendant Annulysse to operate a commercial vehicle within the course and scope of his employment with it without adequate training and supervision.

117. The conduct of Defendant Annulysse while he was driving the tractor trailer within the course and scope of his agency and/or employment with Defendant Zone-Oh, was outrageous and/or done willfully, wantonly and/or with reckless indifference to the rights of the public, including Plaintiff.

118. All of these acts by Defendant Annulysse, while he was driving a commercial tractor trailer, within the course and scope of his agency and/or employment with Defendant Zone-Oh, constitute a reckless indifference to the risk of injury to Plaintiff. As a result, Plaintiff is seeking an award of punitive damages in addition to compensatory damages against Defendant Zone-Oh based on its own conduct and based on the actions of its principal, agent and/or employee, Defendant Annulysse.

**WHEREFORE**, Plaintiff Abdullahi Kabirow demands judgment against Defendant Zone-Oh, LLC, individually, and jointly and severally in an amount in excess of $75,000.00, as well as punitive damages, plus interest, costs, and other such relief as this Court deems appropriate.

**COUNT EIGHT**
**Fardosa Omar v. Keith H. Kloss**
**Loss of Consortium**

119. Plaintiff Fardosa Omar hereby incorporates by reference the averments of the preceding paragraphs as if the same were set forth fully at length herein.

120. At all times here pertinent, Plaintiff Fardosa Omar was and is the lawful wife of Plaintiff Abdullahi Kabirow.

121. Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Keith H. Kloss in causing the injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

122. By reason of the aforesaid incident caused by Defendant Kloss in driving his vehicle in a negligent, careless, wanton, and reckless manner and causing injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will/may be in the future deprived of the assistance

and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Fardosa Omar demands judgment against Defendant Keith H. Kloss individually, and jointly and severally an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT NINE**
**Fardosa Omar v. Estes Express Lines**
**Loss of Consortium**

123. Plaintiff Fardosa Omar hereby incorporates by reference the averments of the preceding paragraphs as if the same were set forth fully at length herein.

124. At all times here pertinent, Plaintiff Fardosa Omar was and is the lawful wife of Plaintiff Abdullahi Kabirow.

125. Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Estes, in its own right, and by and through its agent and/or employee Defendant Kloss, in causing the injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

126. By reason of the aforesaid incident caused by Defendant Estes, in its own right, and by and through its agent and/or employee Defendant Kloss, in driving

Estes' tractor and double trailer in a negligent, careless, wanton, and reckless manner and causing injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Fardosa Omar demands judgment against Defendant Estes Express Lines individually, and jointly and severally an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TEN**
**Fardosa Omar v. Ralphby Annulysse**
**Loss of Consortium**

127. Plaintiff Fardosa Omar hereby incorporates by reference the averments of the preceding paragraphs as if the same were set forth fully at length herein.

128. At all times here pertinent, Plaintiff Fardosa Omar was and is the lawful wife of Plaintiff Abdullahi Kabirow.

129. Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Ralphby Annulysse in causing the injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

130. By reason of the aforesaid incident caused by Defendant Ralphby Annulysse in driving his vehicle in a negligent, careless, wanton, and reckless manner and causing injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Fardosa Omar demands judgment against Defendant Ralphby Annulysse individually, and jointly and severally an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT ELEVEN**
**Fardosa Omar v. Ryder Truck Rental, Inc.**
**Loss of Consortium**

131. Plaintiff Fardosa Omar hereby incorporates by reference the averments of the preceding paragraphs as if the same were set forth fully at length herein.

132. At all times here pertinent, Plaintiff Fardosa Omar was and is the lawful wife of Plaintiff Abdullahi Kabirow.

133. Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Ryder Truck Rental, Inc. in its own right, and by and through its agent and/or employee Defendant Ralphby Annulysse, in causing the injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will forever in the future be obliged to

expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

134. By reason of the aforesaid incident caused by Defendant Ryder Truck Rental, Inc. in its own right, and by and through its agent and/or employee Defendant Ralphby Annulysse, in driving Ryder's tractor trailer in a negligent, careless, wanton, and reckless manner and causing injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Fardosa Omar demands judgment against Defendant Ryder Truck Rental, Inc. individually, and jointly and severally in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT TWELVE**
**Fardosa Omar v. Ryder System, Inc.**
**Loss of Consortium**

135. Plaintiff Fardosa Omar hereby incorporates by reference the averments of the preceding paragraphs as if the same were set forth fully at length herein.

136. At all times here pertinent, Plaintiff Fardosa Omar was and is the lawful wife of Plaintiff Abdullahi Kabirow.

137. Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Ryder System, Inc., in its own right, and by and through its agent and/or employee Defendant Ralphby Annulysse, in causing the injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

138. By reason of the aforesaid incident caused by Defendant Ryder System, Inc., in its own right, and by and through its agent and/or employee Defendant Ralphby Annulysse, in driving Ryder's tractor trailer in a negligent, careless, wanton, and reckless manner and causing injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Fardosa Omar demands judgment against Defendant Ryder System, Inc., individually, and jointly and severally in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT THIRTEEN**
**Fardosa Omar v. Ralphy Transport, LLC**
**Loss of Consortium**

139. Plaintiff Fardosa Omar hereby incorporates by reference the averments of the preceding paragraphs as if the same were set forth fully at length herein.

140. At all times here pertinent, Plaintiff Fardosa Omar was and is the lawful wife of Plaintiff Abdullahi Kabirow.

141. Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Ralphy Transport, in its own right, and by and through its principal, agent and/or employee Defendant Ralphby Annulysse, in causing the injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

142. By reason of the aforesaid incident caused by Defendant Ralphy Transport, in its own right, and by and through its principal, agent and/or employee Defendant Ralphby Annulysse, in working for Ralphy Transport and driving a tractor trailer in a negligent, careless, wanton, and reckless manner and causing injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Fardosa Omar demands judgment against Defendant Ralphy Transport, LLC, individually, and jointly and severally an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**COUNT FOURTEEN**
**Fardosa Omar v. Zone-Oh, LLC**
**Loss of Consortium**

143. Plaintiff Fardosa Omar hereby incorporates by reference the averments of the preceding paragraphs as if the same were set forth fully at length herein.

144. At all times here pertinent, Plaintiff Fardosa Omar was and is the lawful wife of Plaintiff Abdullahi Kabirow.

145. Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Zone-Oh, in its own right, and by and through its principal, agent and/or employee Defendant Ralphby Annulysse, in causing the injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

146. By reason of the aforesaid incident caused by Defendant Zone-Oh, in its own right, and by and through its principal, agent and/or employee Defendant Ralphby Annulysse, in working for Defendant Zone-Oh, and driving a tractor trailer

in a negligent, careless, wanton, and reckless manner and causing injuries to Plaintiff Abdullahi Kabirow, Plaintiff Fardosa Omar, as wife of Plaintiff Abdullahi Kabirow, has, is and will/may be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Fardosa Omar demands judgment against Defendant Zone-Oh, LLC, individually, and jointly and severally an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

**MUNLEY LAW, P.C.**

By: /s/Mackenzie E. Wilson_
Mackenzie E. Wilson
PA ID. No.: 330807
Attorney for Plaintiffs